UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINNY R. BURNS,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, SPORTS ILLUSTRATED, and NBA/NFL<br><br>    Defendants. | Case No. 1:17-cv-451-DAD-BAM<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSIAL OF PLAINTIFF'S COMPLAINT**<br><br>FOURTEEN DAY DEADLINE |

Plaintiff Ginny Burns, who is proceeding without counsel, filed her complaint on March 29, 2017. Plaintiff's complaint does not identify a legal basis for her claims, but Plaintiff checks over 39 boxes on her civil cover sheet to characterize the nature of her complaint. Plaintiff's Complaint is before the Court for screening.

Additionally before the Court is Plaintiff's application to proceed in forma pauperis under 28 U.S.C. § 1915. Although Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), the Court will not at this time rule on Plaintiff's request to proceed in forma pauperis because the Court must recommend summary dismissal with prejudice of this action.

**A.    Screening Requirement**

The Court is required to screen complaints brought by persons proceeding in pro per. 28 U.S.C. § 1915(e)(2). Plaintiff's Complaint, or any portion thereof, is subject to dismissal if it is

1

frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227- 28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin,* 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, the court need not accept as true allegations that are fanciful, fantastic or delusional; such allegations are by definition frivolous. *Neitzke*, 490 U.S. at 327

**B.     Plaintiff's Allegations**

At various points in her complaint, Plaintiff has named the following parties as Defendants: (1) the "NBA/NFL Genius," (2) Sports Illustrated, (3) Harpo Industries, (4) MGM

(5) Office Depot; and (6) the United States. Plaintiff makes the following incoherent allegation in stating the nature of her claim: "Not suppose white house memory to bank account which check or allotment me under bureaus also C.D. account under Chase bank even some loan to commercial bank."[1] In stating the relief she seeks, Plaintiff states "no get all lawyers to help with it private account which said could these claims (unintelligible) someone have seen them lately saw where claim pass or spent my money which I don't believe." Even under the most liberal reading, Plaintiff's allegations are not coherently set forth.

**C. Discussion**

Based on the Court screening analysis, Plaintiff's complaint should be dismissed without leave to amend for a number of reasons. First, Plaintiff's complaint wholly violates Rule 8. Fed. R. Civ. P 8 sets forth general rules of pleading in the federal courts. Complaints are required to set a forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for judgment for the relief plaintiff seeks. Plaintiff's complaint meets none of these requirements. Plaintiff fails to adequately allege a basis for the Court's jurisdiction, nor does she list any causes of action or identify any relief requested. Plaintiff has also failed to allege any facts that suggest a violation of the Constitution or the laws of the United States.

While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. at 1949 (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555. Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. at 1949. Because Plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), Plaintiff's complaint should therefore be dismissed.

Second, Plaintiff's claim is frivolous. The substance of her claim concerns her bank account at Chase bank, yet her action is brought against Defendants including the NFL, MGM, and Oprah. These allegations are clearly baseless, irrational or wholly incredible claims based on

---

[1] All typographical and grammatical errors appear in the Complaint, and have not been corrected by the Court.

3

delusional scenarios with which federal district judges are all too familiar. *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989). To pierce the veil of the complaint's factual allegations means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *See Denton v. Hernandez*, 504 U.S. 25, 32 (1992). A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them. *See Denton*, 504 U.S. at 32-33. Plaintiff's allegations and claims are meritless and frivolous, and fail to state a claim. Because no amount of amendment could cure the deficiencies in this complaint, the action is dismissed with prejudice.

While there are undoubtedly other issues associated with Plaintiff's complaint that preclude her from bringing this action in this Court, based on the issues above, the Court finds dismissal of the current Complaint appropriate. Furthermore, the Court will not grant Plaintiff leave to file an amended complaint. Plaintiff's complaint not only lacks merit, but it is also completely unintelligible and "cannot possibly be saved." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely."); *see also Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

**D.     Conclusion and Recommendation**

Accordingly, IT IS HEREBY RECOMMENDED that this case be dismissed with prejudice due to Plaintiff's failure to state a claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendations, Plaintiffs may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiffs are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the

magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 19, 2017**         /s/ *Barbara A. McAuliffe*
                                  UNITED STATES MAGISTRATE JUDGE